CHARLES II. MORGAN, Respondent, v. LOWE, EBBETS & Co., Appellants.

A. sold to B. a bill of goods to arrive on a certain vessel. B. paid part of the purchase money, and was to pay the balance as soon as the vessel arrived. B. assigned the contract to C., who within a reasonable time after the arrival of the vessel, tendered the balance of the money to A., and demanded the goods. *Held*, that C. was entitled to the goods, and no notice of the assignment was necessary to charge A.

It was no defense, that before A. had notice of the assignment. attachments in favor of the creditors of B. had been served upon him, and that he sold the goods and paid the proceeds to the attaching creditors after such notice, without the assent of C.

APPEAL from the Superior Court of of San Francisco.

The defendants, merchants in San Francisco, made a sale in writing to one S. H. Allen of forty barrels of whisky, to arrive on the ship Golden Fleece.

Allen paid a portion of the purchase money, and before the arrival of the ship, assigned the memorandum of sale to the plaintiff for a valuable consideration.

After the arrival of the ship, the plaintiff within a reasonable time demanded of the defendants the whisky, and at the same time tendered them the balance of the purchase money. Defendants refused to deliver the whisky, assigning as a reason, that it had been attached in their hands by the Sheriff as the property of Allen. Afterwards they sold the whisky and paid over the amount realized to the attaching creditors.

The jury found for the plaintiff. The Court overruled a motion for a new trial, and defendants appealed.

*Baldwin & Bowman,* for Appellants,

In support of the appeal cited Practice Act, § 5. Bank *v.* Knisey, 5 Ala, 9. McCann *v.* Wood, 4 Ib., 258. Clagswell *v.* McGuisey, 4 Dev., 86. Warren *v.* Copeland, 4 Met, 594. Barney *v.* Douglass, 19 Verm., 98. Strong *v.* Mitchell, Ib., 644. Foster *v.* Mix, 20 Conn., 395.

*A. M. Hitchcock,* for Respondent.

The charge of the Court below was correct, and the verdict of the jury is in accordance with the law. Story on Cont., §§ 226, 436. Siffkin *v.* Boyd, 2 Campb., 327. Russell *v.* Nichols, 3 Wend., 112. Shields *v.* Potter, 4 Coms., 122. Story on Conf. of Laws, 386. Allair *v.* Schenck, 3 Hill, 228. Martindale *v.* Smith, 41 Eng. Com. Law., 592.

MURRAY, C. J., delivered the opinion of the Court. HEYDENFELDT, J. concurred.

The Court below properly instructed the Jury, that if the plaintiff was the assignee in good faith, and for a valuable consideration, of the invoice of goods in controversy, and had demanded the same, within a reasonable time after the arrival of the vessel, and tendered the balance of the purchase money, that no notice of such assignment was necessary to charge the defendants.

In a case where the assignee had allowed the party to answer the attachment, and the money to be made by the process of the Court, the rule would be different. Such is not the fact in the present case. The defendants have undertaken to adjust this matter between themselves and the attaching creditors, to the absolute exclusion of the plaintiff's rights.

The fifth section of the Practice Act of 1851 does not extend to a case like the present, and the authorities cited from other States being based on express statute, have no application.

Judgment affirmed, with costs.